UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY MAIETTA,

      Plaintiff,

v.                                 Case No.: 2:20-cv-00453-JLB-NPM

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## ORDER

Plaintiff has filed an "Unopposed Motion For Voluntary Dismissal." (Doc. 15.) Plaintiff's filing does not identify the procedural rule, governing standard, or legal principles under which his motion is brought. Potentially applicable Federal Rules of Civil Procedure include the following:

(1)    Rule 41(a)(1)(A)(i) allows a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).

(2)    Rule 41(a)(1)(A)(ii) allows a plaintiff to dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii).

(3)    Rule 41(a)(2) provides that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Plaintiff has filed neither a "notice" as specified under Rule 41(a)(1)(A)(i), nor a "stipulation" per Rule 41(a)(1)(A)(ii).  Instead, Plaintiff has filed an "Unopposed Motion," thus suggesting, at least in name, that he intends to invoke Rule 41(a)(2).  Nevertheless, because the requirements of Rule 41(a)(1)(A)(i) appear to be met, the Court will construe Plaintiff's "Unopposed Motion" as a notice of dismissal under that provision.[1]  The fact that Defendant has filed a motion to dismiss (Doc. 14) does not prevent Plaintiff from voluntarily dismissing his claims pursuant to Rule 41(a)(1)(A)(i).  See PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1307 (11th Cir. 2016) ("According to the plain text of Rule 41(a)(1)(A)(i), only the filing of an answer or a motion for summary judgment, terminates a plaintiff's ability to voluntarily dismiss its claims without a court order."); West v. Am. Fresh Foods, L.P., Civil Action No. 7:10-cv-81(HL), 2011 WL 63563, at * 1 (M.D. Ga. Jan. 4, 2011) (noting that "courts have found that the filing of a motion to dismiss for failure to state a claim does not affect a plaintiff's right to voluntarily dismiss his case") (collecting cases).

A notice of dismissal under Rule 41(a)(1)(A)(i) is self-executing.  See First Time Videos, LLC v. Oppold, 559 F. App'x 931, 932 (11th Cir. 2014) (per curiam).  Accordingly, Defendant's Motion to Dismiss (Doc. 14) is **DENIED WITHOUT PREJUDICE AS MOOT**.  Pursuant to Rule 41(a)(1)(A)(i), this action is **DISMISSED**

---

[1] By informing the Court Plaintiff "has contacted the office of Defense counsel, who has no objections to the filing of this motion and the relief requested" (Doc. 15 at 1), Plaintiff may be intending to invoke Rule 41(a)(1)(A)(ii).  That rule, however, requires "a stipulation of dismissal signed by all parties who have appeared," and Plaintiff's "Unopposed Motion" is not signed by defense counsel.  The Court therefore will construe Plaintiff's filing as instead invoking Rule 41(a)(1)(A)(i).

**WITHOUT PREJUDICE**.  The Clerk of Court is **DIRECTED** to terminate any pending deadlines and close the file.

      **ORDERED** in Fort Myers, Florida on September 28, 2020.

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**